WILLIAM A. COLER *et al. vs.* ALFRED COPPIN, *et al.*

Opinion filed May 10th, 1898.

**School Township—Enforcement of Judgment.**

> When a judgment is obtained against a school township organized under chapter 44 of the Laws of 1893, on an indebtedness of a school district for whose indebtedness such school township became liable under section 144 of such statute, the judgment creditor may proceed to enforce such judgment, the same as any other judgment against such school township.

Appeal from District Court, Richland County; *Lauder*, J.

Application by William N. Coler and W. N. Coler, Jr., co-partners as W. N. Coler & Co., for a peremptory writ of mandamus to compel the payment of a judgment held by plaintiffs against Alfred Coppin and others, as directors of Dwight School Township, Richland County.   From a final judgment denying the writ, plaintiffs appeal.

Dismissed.

*John L. Pyle* and *McCumber & Bogart*, for appellants.
*W. E. Purcell*, for respondents.

CORLISS, C. J. On the threshold of this case, we feel it our duty frankly to admit that the criticism of the learned counsel for the respondents on our opinion in the case of *Coler* v. *School Tp.*, 3 N. D. 249, 55 N. W. Rep. 587, is fully justified. On reflection, we are satisfied that we were in error in the views therein expressed, that the defendant therein could be held liable without showing that the steps mentiond in sections 137 to 141 of chapter 44 of the Laws of 1883 had all been taken. But the decision of that case was right on the facts before us, though our reasoning in the opinion cannot be sustained. We had before us the question whether the facts showed that the new school township, which was the defendant in that action, had become liable upon the bonds issued by School District No. 22. We must concede that, under the provisions of section 136 of the statute, the organization of the school township therein referred to could not be complete until all the steps therein specified had been taken, including the equalization of taxes under sections 137 to 139. Until such new organization should be complete, the old districts were to remain unaffected by any proceedings in the direction of a change in the school system which might be taken under that law. On the theory that the taxes had not been equalized under that statute, our former decision was wrong. But it was unnecessary for the decision of that case that we should have taken such extreme ground. The District Court found as a fact in that action that the new school township, which was the defendant in that case (*i. e.* Dwight School Township,) had been duly organized, and that School District No. 22, by which the bonds had been issued, was in part included within Dwight School Township, and that the school house and furniture of such district were situated in Dwight School Township, and were received into such township, and were owned thereby. The finding of fact showing the complete organization of Dwight School Township is as follows: "May 28, 1883, the commissioners of said county proceeded to establish school and civil townships under the provisions of an act of the legislative assembly entitled 'An act to

establish and provide for the maintenance of a general and uniform system of common schools'; and on June 30, 1883, Dwight School Township was duly organized as a school township, and its officers were duly elected and qualified; and since such time said Dwight School Township has been, and still is, a duly organized school township, under the name of 'Dwight School Township of Richland County, Territory of Dakota,' and now State of North Dakota, and as such has since said time conducted schools in its corporate limits." This finding was not challenged on the appeal, and therefore it conclusively appeared on such appeal that the organization of Dwight School Township was complete. This finding necessarily included a finding that all the preliminary steps mentioned in section 136 had been taken to complete the organization of Dwight School Township, including the equalization of taxes under sections 137 to 140. The finding is explicit "that on June 30, 1883, Dwight School Township was duly organized as a school township." The finding could not be true, except on the theory that all necessary steps had been taken to complete the organization of such township. It was therefore our clear duty, upon the record before us, to hold the defendant liable on the bonds of School District No. 22, because the statute declares, without qualification, that the school township organized thereunder should be liable for the debts of every school district, the school house and furniture of which were received into, and included within, such school township, and owned thereby. Section 144. It therefore appears that our former decision was right, although the reasoning on which it was placed was not sound.

The appeal in this case is assumed by the parties to be an appeal from a final judgment denying an application for a peremptory writ of mandamus, made by the judgment creditor whose judgment we affirmed on that appeal, to compel the officers of Dwight School Township now (Dwight School District,) against which such judgment was rendered, to levy a tax to pay such judgment. The learned District Judge, in refusing to

order the issuance of the writ prayed for, was misled by the language of this court into believing that the judgment creditor could not compel the levy of a tax by the officers of the defendant until he had secured an equalization of taxes under the statute. The responsibility for this error is not his. It rests upon this court alone. Originally we thought that this was the proper construction of the statute, but we now see that that view is not tenable. We held that the judgment obtained by the relator herein must be enforced, subject to the provisions of sections 136 to 141 of that act. This provision in the judgment is without force; for, on turning to those sections, we now see that they in no manner relate to the enforcement of such judgment as should be obtained against the new school townships for debts of the old school districts. An equalization of taxes was, under the statute, a condition precedent to the organization of the new school township. And the findings of the court in the action brought to obtain a judgment against Dwight School Township settled, as a matter of fact, that this had been done. Therefore the holder of the bonds there sued upon had a right to recover a judgment against Dwight School Township, and enforce it as any other judgments against such township. The sections of the statute subject to which we said that the judgment must be enforced, have no relevancy whatever to the question of enforcement of such judgment, and the clause inserted in our judgment was mere idle surplusage. It was as though we had declared that the judgment must be enforced subject to the provisions of the usury law. Section 144 treats the bonds issued by a school district the same as though they had been issued by the new school township itself: "Every school township shall be liable for and shall assume and pay fully, according to their legal tenor, effect and obligation, all the outstanding bonds and the interest thereon, of every school district, the school house and furniture of which are received and included within the school township and owned thereby, the same as if said bonds had been issued by said school township; and the law which authorized the school

district to issue bonds shall apply to the school township the same as if it had originally been authorized to issue, and had issued the said bonds. The bonds shall be deemed in law the bonds of the school township, with the same validity for securing and enforcing the payment of principal and interest that they would have against the district that issued them." Laws 1883, chapter 44, section 144. It follows that all judgments obtained against Dwight School Township for old debts of the school districts will be enforced, the same as any other judgment against such school township. We stated that it appeared to be assumed by the parties that the appeal is from a final judgment denying relator's application for a peremptory writ. But, on investigating the record, we discover that no final judgment has ever been entered. The learned District Judge on the hearing decided to hold the matter in abeyance, and expressly provided in his order that the case could be taken up at some future time on notice. Doubtless his view of the matter (a view for which we were wholly responsible) was that the relator could not obtain a peremptory writ on the showing made. But, as a matter of fact, no order for judgment that the application be denied has ever been made, nor has any judgment finally disposing of the case ever been entered. As the cause is still pending in the District Court, undecided, we must dismiss this appeal for want of jurisdiction. All concur.