85 N. W. Rep. 987.)

_____

WILLIAM H. SANDERSON *vs.* W. H. WINCHESTER, JUDGE.

Opinion filed April 15, 1901.

**Certiorari—Application—Party Interested.**

> Section 6099, Rev. Codes, relating to applications for writs of certiorari, provides that "the application must be made on affidavit by the party beneficially interested." *Held,* that an application for a writ to review an order of a district judge directing the destruction of certain gambling devices, alleged to have been made without, or in excess of, jurisdiction, which application shows that the applicant transferred his entire interest in such gambling devices to another, and has no interest therein at the time of making the application, is not made by "the party beneficially interested," within the meaning of said section.

Application of William H. Sanderson for a writ of *certiorari* directed to W. H. Winchester, judge of the Sixth Judicial District. Writ denied.

*Miller & Miller,* for plaintiff.

*Cochrane & Corliss,* and *Oliver D. Comstock,* attorney general, for defendant.

YOUNG, J. Application is made to this court by one William H. Sanderson, requesting the issuance of a writ of *certiorari* directed to Hon. W. H. Winchester, judge of the Sixth Judicial District, and requiring him to certify to this court the proceedings taken before him wherein an order was made for the destruction of certain gambling devices, to-wit: a roulette table, wheel, chips, etc., for the purposes of reviewing such order, which it is alleged was made without authority of law, and in excess of jurisdiction. The writ must be denied, and on grounds which do not relate to the jurisdiction of the district judge to make the order complained of. Section 6099, Rev. Codes, provides the method by which the writ of *certiorari*

may be applied for. It requires that "the application must be made on affidavit by the party beneficially interested." The appliaction before us is made by William H. Sanderson, and is on his affidavit. The affidavit, however, shows affirmatively that he is not the party beneficially interested, in this: that it sets out in detail facts showing that prior to the making of the order for the destruction of such gambling devices he sold the same to one E. J. Berry, for value, and executed and delivered a bill of sale therefor. The facts as to the sale and ownership are also corroborated by the affidavit of Berry attached to the application. The application thus shows affirmatively that the applicant has no interest in the gambling devices which he seeks to save from destruction, and is not beneficially interested, within the meaning of the statute, and is not, therefore, entitled to apply for the writ. Writ denied.

WALLIN, C. J., did not sit at the hearing of the application or participate in the decision. MORGAN, J., concurs.