(85 N. W. Rep. 988.)

---

WILLIAM N. COLER, *et al vs.* ALFRED COPPIN, *et al.*

Opinion filed April 17, 1901.

School Township—Liability for Debts—Division.

> A school township organized under chapter 44 of the Laws of 1883 became by such organization ipso facto liable for the debts of the old districts whose territory was included in such township.

Mandamus to Compel Payment of Judgment.

> When a judgment is obtained against such a township on an indebtedness of a school district, and subsequent to the entry of such judgment the township is divided into two school districts, the judgment creditor may proceed to enforce such judgment against such districts, and each will be required by mandamus to levy a tax sufficient to pay its pro rata share of such indebtedness, based upon the amount of its taxable property.

Appeal from District Court, Richland Count; *Winchester,* J.

Action by William N. Coler and others against Alfred Coppin and others for a writ of mandamus to compel the payment of a judgment held by claimants against defendants as directors of Dwight and Ibsen school districts. From a judgment granting the writ, defendants appeal.

Affirmed.

*W. E. Purcell,* for appellants.

This court is bound to notice that this case has connection with and grows out of one formerly decided by this court. 3 N. D. 249. All questions involved in this proceeding have been adjudicated against the plaintiff by this court. The District Court has acted upon such adjudication and the parties themselves have adopted and

acted upon it, and we are all estopped from reinvestigating it. 1 Herman on Estoppel, 115; *Bank* v. *Gilman,* 3 S. D. 171; *Ben* v. *Shoemaker,* 74 N. W. Rep. 249; *Krämer* v. *Kohn,* 76 N. W. Rep. 937; *Martin* v. *Hunters,* 1 Wheat. 355. The records on the former appeal in this action may be looked into for the purpose of ascertaining what facts and questions were before the court. *Bank* v. *Gilman,* 3 S. D. 171; *McKinely* v. *Tuttle,* 42 Cal. 571; *Little* v. *McAdams,* 38 Mo. App. 187; *Donner* v. *Palmer,* 51 Cal. 629; Subd. 14, § 5713d, Rev. Codes. The Supreme Court has no power to review its former conclusions in the same case. *Dyer* v. *Ambleton,* 19 S. W. Rep. 574; *Brown* v. *Crown,* 3 Ky. 451; *Burwell* v. *Bergwyn,* 105 N. C. 507; *Gaines* v. *Latta,* 148 U. S. 228; *Baxter* v. *Brooks,* 29 Ark. 173; *Martin* v. *Laffland,* 18 Miss. 317. Such questions are only reviewable on rehearing, and a court has no power to review them on a second appeal. *Reid* v. *West,* 70 Ill. 479; *Bell* v. *Woodward,* 47 N. H. 539; *Wyndom* v. *Cobb,* 74 Ia. 709; *McDonald* v. *McKinnon,* 104 Mich. 428.

*John L. Pyle,* and *McCumber, Bogart & Forbes,* for respondent.

There is no question of the power of the legislature to impose upon a new municipality, which included all or a portion of the territory of the old municipality, liable for the debts of the old corporation, where the property of the latter is turned over to and received by the former under the law. *Mt. Pleasant* v. *Beckwith,* 100 U. S. 514; 1 Dillon's Mun. Corp. 63; *State* v. *Lake City,* 25 Minn. 404; *City of Winona* v. *School District No. 82,* 40 Minn. 13, 41 N. W. Rep. 539; *DeMattos* v. *City,* 29 Pac. Rep. 933; *Laramie County* v. *Albany County,* 92 U. S. 307; *Schriber* v. *Langdale,* 29 N. W. Rep. 547; *Knight* v. *Ashland,* 21 N. W. Rep. 65, 70; *State* v. *Clevenger,* 43 N. W. Rep. 243, 20 Am. St. Rep. 677 and note. Coler School District was absorbed in the Coler School Township under the provisions of chapter 44, Laws 1883, and by section 144 the township assumed and became liable for the district debt.

FISK, District Judge. This is an appeal from a judgment rendered by the District Court of Richland county directing the issuance of a peremptory writ of mandamus compelling the officers of Dwight and Ibsen school districts to levy a tax upon the property of the districts to pay their pro rata share of certain judgments recovered against Dwight school township. This litigation has been before this court twice before, and for a full statement of the facts see opinion of Corliss, J., in 3 N. D. 249, 55 N. W. Rep. 587, 28 L. R. A. 649, and 7 N. D. 418, 75 N. W. Rep. 795. In the first appeal it was strenuously insisted by counsel for Dwight school township that there was no liability, upon the ground, among others, that, as the indebtedness to collect for which an action was commenced was incurred by school district No. 22, Dwight school township, which was organized under Chap. 44 of the Laws of 1883, and

which included within its boundaries the old district No. 22, and
certain other districts, did not become liable until there had been a
settlement between the several old districts included within such
school township. He contended that, until the old districts adjusted
their differences between themselves and the new school township,
the new school township organization was not completed, and hence
that no liability attached. In other words, that settlement between
the several old districts within the school township created by the law
of 1883 was a condition precedent to the absolute liability of the
newly-created school township. This court, upon that appeal, over-
ruled this contention, holding that such settlement was not a condi-
tion precedent to the organization or liability of the school township,
and affirmed the judgment of the District Court holding the town-
ship liable. See 3 N. D. 249, 55 N. W. Rep. 587, 28 L. R. A. 649.
Subsequently, and upon application of defendants' counsel, this court
attempted to modify said judgment by directing that a provision be
inserted therein as follows "This judgment is to be enforced subject
to the provisions of sections 136-141, chapter 44, Laws 1883, the
debt on which it is rendered being a debt subject to equalization as
therein provided." This modification was directed under the belief
that the judgment creditors could not compel the levy of a tax by
the defendants until such creditors had secured an equalization of
taxes under the statute. This was clearly erroneous, as these sections
have no relevancy to the question at all, and the attempted modifica-
tion is without any force or effect whatever. As said by Corliss, J., in
7 N. D. 421, 75 N. W. Rep. 796: "The sections of the statute
subject to which we said the judgment must be enforced have no
relevancy whatever to the question of the enforcement of such
judgment; and the clause inserted in our judgment, was mere idle
surplusage." Under the provisions of section 144 of said chapter
44, Laws 1883, all debts of the old districts were assumed by and
became the debts of the new school township, and all judgments
recovered against the latter upon such debts should be enforced
the same as any other judgments against such townships. It fol-
lows, therefore, that the plaintiffs have an unqualified judgment
against Dwight school township which they are entitled to collect
in the usual manner. The entry of such judgment was a final
adjudication as to the liability of such school township, and upon
affirmance by this court all controversy as to such liability was
thereby forever foreclosed. But, even if this were not so, we would
unhesitatingly approve the reasoning, and reassert the doctrine enun-
ciated in the first opinion of this court upon this branch of the
case as reported in 3 N. D. 249, 55 N. W. Rep. 587, 28 L. R. A.
649, and we expressly disapprove and overrule the language used in
the opinion in 7 N. D. 418, 75 N. W. Rep. 795, in so far as it
conflicts with these views. What was said in the latter opinion upon
this subject could not change the law of the case as settled in the
first action; and, furthermore, such language was purely *obiter*

*dicta,* as we held that there was no appeal, the order attempted to be appealed from not being a final order. Counsel for appellants presents a very plausible argument in support of his position, but the fallacy thereof consists in the fact that he builds his entire argument upon a false premise. He asserts that the judgment as modified by this court provides for its payment only in a certain manner, and that this, whether right or wrong, is the law of the case, etc. It stands with exactly * the same . force and effect as though no modification had been attempted. The clause attempting to modify it was wholly meaningless and nugatory, and hence every one must treat the judgment as an unconditional judgment for the payment of money to be enforced as all judgments are enforced.

This disposes of all questions raised by appellants except one, which we ·will now briefly consider. After the liability of Dwight school township was fixed by judgment, the territory originally constituting such school township was divided into two civil townships. By this division two new school districts were by law created, and they are known as "Dwight" and "Ibsen" school districts, respectively. Both immediately organized themselves into school corporations, and both were made parties, and answered in this proceeding. Each, by the act of incorporating, became liable for its proportionate share of the indebtedness of the old township. The trial court apportioned such indebtedness according to the taxable property in each district, but counsel contends that the court had no right to do this, and that such apportionment should not be based upon the taxable property, and he refers to those provisions of the law relating to settlements between districts and the levy of an equalization tax to adjust such differences. We must overrule this contention, as we are convinced that each district should be required to levy a tax to pay its just proportion of the indebtedness of the old district according to the proportion of its taxable property. In other words, the entire taxable property which was formerly included in the school district is liable for the payment of this indebtedness, and by dividing the township each new district would be liable to such pro rata share of the indebtedness as the amount of .its taxable property bears to the entire indebtedness, and the new districts thus formed would be left to adjust between themselves all differences as to their assets and liabilities. The creditors have no concern with their adjustment of such differences. Some courts have gone to the extent of holding that each new district is liable, and may be required to pay the entire indebtedness of the old district, and then look to the other district or districts for contribution. *Plunket's Creek Tp.* v. *Crawford,* 27 Pa. 107; *Hughes* v. *School Dist.,* 72 Mo: 643. In the Missouri case it was held that where, by statute, a municipal corporation is abolished, and several new ones are created in its stead, and no provision is made as to the payment of existing debts, each of the new corporations is liable for them all; and in the latter case it was held that on the division of a township

each fraction remains liable for the whole debt owing by the old township, and that, if one pays the whole amount, it lays the foundation for contribution. We are clearly of the opinion that these school districts are each liable for at least their proportionate share of these judgments according to their taxable property, and that their officers may be ·required by mandamus to levy a tax sufficient to pay the same. Finding no error, the judgment of the District Court is affirmed.

MORGAN, J., being disqualified, Judge Fisk of the First Judicial District sat by request.