Opinion by
Porter, J.,
The borough of Coatesville, by ordinance duly enacted, upon the petition of the requisite number of freehold owners of lots, annexed to said borough a part of the adjacent township of Valley, in pursuance of the authority conferred by the Act of March 21, 1907, P. L. 25. The *188 township of Valley, prior to and at the time of said annexation, was indebted to various parties in the sum of $14,952.70, the greater part of which was represented by judgments. The township subsequently filed this bill, in equity, setting forth these facts and praying the court to adjust the taxes and debts of the old township,- between the township as it now- exists and the part annexed to the borough, and determine what amount should be paid by the township and borough, respectively. The learned judge of the court below held that there was no legislation authorizing a proceeding of this character, under the peculiar facts of this case, and dismissed the bill. From that decree, the plaintiff township appeals.
When a township which is indebted is divided or the lines thereof changed, whether by decree of court or other lawful authority, it does not follow that any section of the original territory is absolved from its debts. The section which retains the name of the old township and the section or sections-which have become parts of some other municipal or quasi municipal subdivision, each and' all remain liable to the- creditor for- the whole of the indebtedness: Plunkett’s Creek Twp. v. Crawford, 27 Pa. 107; Darby Twp. v. Lansdowne Boro., 174 Pa. 203; Mt. Pleasant v. Beckwith, 100 U. S. 514. Whether one section of the territory thus severed can maintain a proceeding to have ascertained and decreed the proportion of the debt, for which all the sections are liable, which each section should in equity be required to' pay, is an entirely different question. It must be conceded that such an action cannot be maintained in the absence of statutory authority therefor, at least not before the creditor has actually been paid, by the party seeking relief. It has been found necessary for the purposes- of local government to create governmental agencies, municipal and quasi municipal, exercising. their functions within distinct territorial -limits and to these agencies have been delegated authority more or less limited to contract debts, which are an obligation of the entire territory within their jurisdiction. Changing con *189 ditions frequently rendered these territorial subdivisions, or the form of government thereof, inconvenient, and, to promote the public welfare — statutory provision was made for the creation of new townships or boroughs, and changing the lines of those already in existence. The power of these local governmental agencies to incur indebtedness and the probability that the territory bound for the indebtedness might, before the debt was paid, be divided, or its lines changed, rendered it desirable that provision should be made for the ascertainment of what part of the general indebtedness the several sections of the territory, as between themselves, should be required to pay. The object of the several acts, which from time to time have been passed on this subject, has been to remedy defects as they were discovered by experience — to provide for a just and equitable distribution of the burdens of local government. In giving construction to any part of these statutes, therefore, regard should be had to the entire system, and such parts as are remedial in their object should receive a liberal construction in order that the just and equitable object, intended by their enactment, may be promoted: In re Abington School Dist., 84 Pa. 179.
The Act of May 1, 1861, P. L. 539, in its first section provided: “That whenever a new township has heretofore been or may hereafter be erected, whether by a division of one township or by uniting parts of two or more townships into one, the court of common pleas of the proper county, sitting in equity, shall have power upon the application of the proper supervisor, poor master or school directors of any township or school district, by a suit or suits in equity, to adjust the taxes, debts and expenses for road, school and poor purposes between the said old township or townships and the said new township,” etc. The second section of that statute is in these words, viz.: “Similar proceedings may be had in case of the division of any township, or upon a change of the boundaries of any township or townships.” The first section of this statute was supplied and repealed, by the Act of April 12, 1866, *190 P. L. 109, but the second section remains in full force. The act of 1861 is general in its terms and has no relation to the procedure under which a new township is erected or the boundaries of an old one changed. The first section while it remained in force would have been available whenever a new township was erected by lawful authority, and would have been applicable in the case of Plunkett’s Creek Twp. v. Crawford, 27 Pa. 107, in which the township had been divided by an act of assembly creating a new county, which case had been decided in 1856. The language of the second section, above quoted, is the most comprehensive that could have been employed, and covers every case in which a township has been divided, or the boundaries thereof changed, by any lawful authority. Having, in the, first section of the act, made provision for those cases in which a new township had been erected, it seems manifest that the legislative purpose was, in the second section, to enlarge the remedy and embrace all cases, in which the territory of a township was divided or the boundaries thereof changed and furnish a remedy for the ascertainment of the proportion of the common debt which each section of the territory thus lawfully divided should pay. This statute is not confined to cases of a change of the boundaries of a township in the manner at that time authorized by law, it is equally applicable to such changes as may be authorized by subsequent legislation, unless such legislation contains provisions therewith inconsistent. The present case is one involving a change of the boundaries of the township, and it is within the letter and the spirit of the statute. The territory detached from the township has become a part of the defendant borough, which, as its representative, was properly made a party to the proceeding. The appellant was entitled to the relief prayed for, the learned court fell into error in dismissing the bill, and the third and fourth specifications of error are sustained.
The finding of the court below as to the amount of the indebtedness of Valley township at the time of the sever *191 anee was fully sustained by the evidence, and the first specification of error is overruled. The annexation of territory to the borough became effective upon the filing of the proceedings in the court of quarter sessions on January 28, 1909, no assessment of the property for purposes of taxation for the year 1909 had then been corrected by the county commissioners, as a board of review, and the action of the court in accepting the assessment of 1908, as evidence of the valuation of the two sections of the township, involved no error: Plains Twp.’s App., 21 Pa. Superior Ct. 74. The second specification of error is without merit.
The decree is reversed, the bill is reinstated and the record is remitted for further proceedings.