## Annexation of Land by Bryn Athyn Borough.

*Kisniel C. Acton* and *Randolph W. Childs*, for Bryn Athyn Borough, exceptant.

CORSON, J., Nov. 25, 1929.—Under the powers granted to boroughs under the Act of Assembly of May 4, 1927, § 425, P. L. 519, the Borough of Bryn Athyn annexed certain portions of the Townships of Upper Moreland and Lower Moreland, this county. In accordance with section 715 of said act of assembly, an auditor was appointed. The duties of the auditor as set forth under section 717 of the said act are as follows: "The auditor shall ascertain the liabilities of the several boroughs and townships affected, the amount and value of the property owned by each, the amount and value of the property passing to and from each borough and township, and the assessed valuation of all property liable to taxation for borough or township purposes, as shown by the last assessment, and within the limits of the part annexed to or detached from said borough. He shall report the same to the court, with the form of a decree adjusting the liabilities equitably between such boroughs and townships respectively."

The auditor filed a report and supplemental report, containing a form of decree adjusting, in the view of the auditor, the liabilities equitably between

the respective townships and the borough. The auditor's reports were confirmed *nisi*, and the form of decree as submitted by the auditor was entered *nisi* by the court. The Borough of Bryn Athyn, on June 24, 1929, filed sixteen exceptions to such decree, all of which exceptions, with the exception of the fourteenth, while stated in various ways, are based upon the failure of the auditor to consider the item of uncollected taxes as of July 11, 1928, the date of annexation, and to hear evidence as to the amount of cash on hand as of this same date.

Among the duties of the auditor as set forth in section 717, *supra*, is the duty to ascertain "the amount and value of the property owned by each." The question of the construction to be placed upon the word property seems to be the question raised by fifteen of the exceptions filed.

When a portion of a township is annexed to an adjoining municipality, such portion brings with it a share in the property and liabilities of the township of which it has been a part. Such share in each would seem equitably to be in the proportion that the assessed valuation of such portion bears to the assessed valuation of the entire township. Property would seem to be any real or personal property that the township owns. This would certainly include any cash on hand at the time of the annexation. Does the annexed portion have the right to take with it its proportionate share in any uncollected township taxes? Let us approach the question from the standpoint of equity between the township and the borough. The borough cannot collect any taxes during the year of annexation from the annexed premises. Any taxes upon such annexed portion will be collected, if at all, by the township: Witherite *v.* Sullivan, 17 Dist. R. 721; Badorf *v.* Hess, 25 Dist. R. 922. The township will have no responsibility for the annexed portion after the date of annexation. That responsibility will devolve upon the annexing borough. If all the taxes had been paid at the date of annexation, the annexed portion would take its share in any unexpended balance of such taxes held by the township at the date of annexation. If the annexed portion must pay its proportionate share of the township taxes after the date of annexation, it is entitled to its proportionate share in all such township taxes paid, without regard to what the expenditures of the township may be after the date of annexation, because, as stated, the annexed territory cannot benefit from such expenditures, and is entitled to take such share with it to the municipality of which it becomes a part: Valley Township *v.* Coatesville Borough, 51 Pa. Superior Ct. 186.

Counsel for the borough mentions an agreement entered into between the borough and one of the affected townships as to the disposition of certain taxes, and complains because the auditor does not incorporate such agreement into his report. We can only say that while the auditor might not have to incorporate such agreement into his report, yet, if the auditor thought that such agreement was an equitable one, he might adopt its terms and incorporate them into his form of decree. The auditor, in considering the unpaid taxes in the respective townships as of the date of annexation, such taxes having, no doubt, now been paid, might consider any necessary exonerations, or uncollectible taxes, in seeing that a fair division is made between the annexed and the remaining portion of the township.

The fourteenth exception complains of the finding of the auditor as to value of the real property owned by the Township of Upper Moreland. We feel that there was evidence from which the auditor might well find as he did. We agree with his finding on this point, and the fourteenth exception is for that reason overruled.

And now, Nov. 25, 1929, for the reasons stated, the remaining fifteen exceptions are sustained, and the proceedings are referred back to the auditor with the direction that he take further testimony as to the cash on hand and uncollected taxes of the respective townships at date of annexation, and submit a form of decree adjusting the liabilities equitably between the Borough of Bryn Athyn and the Townships of Upper Moreland and Lower Moreland in conformity with this opinion.

From Aaron S. Swartz, Jr., Norristown, Pa.