The Township of Upper Darby *v.* The Borough of Lansdowne, Appellant, and The Provident Life and Trust Company, of Philadelphia, and others holding bonds of said The Township of Upper Darby.

*Boroughs—Adjustment of indebtedness between borough and township—Act of June 12,1878.*

Under the act of June 12, 1878, P. L. 184, relating to the organization of boroughs, the powers of the court are limited to an adjustment of the common indebtedness between the township and borough so that each may levy and collect through its own machinery the amount determined by the court to be its proper share. Both township and borough remain liable to the creditor for the whole of the indebtedness, but as between themselves the amount to be paid by the township and borough respectively is fixed, so that if either pays, or is compelled to pay more than its share, it will be subrogated to the rights of the creditor as to that amount, and be entitled to collect it from the defaulting body. If the whole debt should be charged up to each as a liability, a credit should be given to each for so much as the decree fixes as the share of the other. In effect as between themselves, and for the purpose of striking a balance to ascertain the borrowing power of each, the borough and township will each be thus charged only with the amount charged against it in the decree, but the rights of the creditors remain as before.

Argued Feb. 13, 1896. Appeal, No. 96, Jan. Term, 1896, by The borough of Landsdowne, one of the defendants, from decree of C. P. Delaware Co., Sept. T. 1893, No. 9, on bill in equity. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN, and FELL, JJ. Affirmed.

Bill in equity to accomplish a separation and apportionment of the debt of the township of Upper Darby between the said township and the borough of Lansdowne.

The case was referred to H. P. Green, Esq., as master, who reported as follows:

From the evidence produced before your master and examiner it appeared that the borough of Lansdowne was incorporated under a decree of the court of quarter sessions of Delaware county, made on the 7th day of June, A. D. 1893, and that the whole of the territory of said borough was a part

of the said township of Upper Darby, plaintiff; that at the time of the incorporation of said borough the total assessment of said township as the basis of the apportionment of the debt and assets, as provided by the act of assembly of June 12, 1878, P. L. 184, was:

| | | |
|---|---|---|
| Real estate, . . . . . | $2,982,746 | |
| Personal estate, . . . . | 167,920 | |
| | | $3,150,666 |

| | | |
|---|---|---|
| That the assessment upon the property liable for taxation within the limits of the borough of Lansdowne was, real estate, . . . . | $1,107,157 | |
| Personal estate, . . . . | 52,315 | |
| | | $1,159,472 |

Leaving as the taxable property in the township of Upper Darby, after the erection of said borough,    $1,991,194

That on the said date the township of Upper Darby was indebted to the holders of the bonds issued for the improvement .of its roads in the sum of one hundred and fifty thousand dollars ($150,000).

That on said date the assets of the township of Upper Darby consisted of certain personal property, to wit: A boiler and engine, two stone crushers, two steam rollers, steam drill, two sprinkling wagons, two road scrapers, one small roller and a large number of tools of various kinds. That when the said parties were before your master, neither the representatives of the borough nor the township were willing to fix a valuation upon this property and accept it at any valuation that could be agreed upon, and it was deemed fair to both parties that it should be put up at public sale by the master and sold. That on the 27th day of April, A. D. 1894, after your honorable court had approved of this course, your master sold all of this personal property at public sale, and the proceeds thereof were received by the supervisors of said township, and are hereinafter duly accounted for.

That pursuant to an order of your honorable court, public notice was given to all persons having claims against the township of Upper Darby to present the same to the supervisors on

or before December 1, A. D. 1893, or be forever debarred from enforcing the same.

At the hearing before your master it was agreed between the plaintiff and the defendant that the assets and indebtedness of said township, other than the bonded indebtedness, should be adjusted and apportioned in accordance with the following statement, whereby it appears that there is a cash balance at present payable to the defendant, the borough of Lansdowne, of $2,953 15

### STATEMENT.

| | | |
|---|---:|---:|
| Total assessment of the township of Upper Darby prior to the formation of the borough of Lansdowne—Real estate, . . . | | $2,982,746 00 |
| Personal estate, . . . . . . | | 167,920 00 |
| | | $3,150,666 00 |
| Assessment for the borough of Lansdowne: | | |
| Real estate, . · . . . | $1,107,157 00 | |
| Personal estate, . . . | 52,315 00 | |
| | | $1,159,472 00 |
| Percentage for the borough of Lansdowne, .368 | | |
| Percentage for township of Upper Darby, .632 | | |
| Total charges against township, | $34,605 10 | |
| Total credits, . . . | 26,380 37 | |
| Total cash for division, . . | $8,224 73 | |
| Proportion payable to borough of Lansdowne, . . . | $3,026 70 | |
| Deduct amount of personal property purchased at master's sale, . . . . | 73 55 | |
| Net amount payable to borough of Lansdowne, . . . | $2,953 15 | |

The township of Upper Darby created a bonded debt of one hundred and fifty thousand dollars ($150,000) under the provisions of the act of assembly, approved April 20, 1874 P. L.

65, entitled "An act to regulate the manner of increasing the indebtedness of municipalities, to provide for the redemption of the same, and to impose penalties for the illegal increase thereof."

By the fourth section of this act it is provided that: "They (the township) shall, before issuing any obligation therefor, assess and levy an annual tax, the collection whereof shall commence the first year after the said increase, which tax shall be equal to at least eight per centum of the amount of such increased debt, and which shall be sufficient for, and be applied exclusively to the payment of the interest and the principal of such debt within a period not exceeding thirty years from the date of such increase; and the moneys arising from such tax shall be applied annually and as fast as the same accumulates, to the redemption at par of the said outstanding obligations."

All of the bonds are dated the second day of May, A. D. 1892, and were taken by the Provident Life and Trust Company of Philadelphia, which still holds and owns $127,000 of the bonds, and the remaining $23,000 of the bonds are held and belong to the various parties. The interest on these bonds is payable half yearly at the rate of five per cent per annum, and all interest has been paid by the said township of Upper Darby to November 1, 1894, for which said township has received credit in the foregoing adjustment or apportionment of the assets and floating or current indebtedness of said township. No part of the principal of the said bonded indebtedness has been paid.

It is contended on the part of E. A. Price, Esq., solicitor for The Provident Life and Trust Company of Philadelphia, respondent, and for the other respondents who have made answer to the supplemental bill filed, that the apportionment of the bonded indebtedness made in this proceeding, while binding upon the plaintiff and the defendant, cannot be held to limit the liability of either the borough or the township to pay the whole amount of the said bonded indebtedness, or that the payment of the amount ascertained to be the equitable proportion of the said borough, or of said township, will not relieve the one so paying from its liability to the bondholders to pay the indebtedness found to be the equitable proportion of the municipality not so paying.

The bonded indebtedness of the said township of Upper

Darby was created in 1892, and all the proceedings relating thereto of record in the court of quarter sessions of Delaware county were offered and admitted in evidence.

The act of assembly of June 12, 1878 P. L. 184, sec. 3, after specifying the different cases in which said act shall apply, provides as follows :

"Whenever any borough has been or may hereafter be erected, as aforesaid, or whenever any township has been or may hereafter be entirely merged into more than one borough, as aforesaid, the court of common pleas of the proper county, sitting in equity, shall have power, upon the application of any one or more creditors of said township or townships, or upon the application of the proper authorities of any said township or townships, borough or boroughs or either of them, by a suit or suits in equity, to ascertain the indebtedness of said township or townships, including judgments against the same, at the time of incorporation of each of said boroughs respectively, and to equitably adjust and apportion said indebtedness between said township or townships and borough or boroughs, and between the several boroughs into which any township shall have become merged as aforesaid, and shall thereupon decree the proportion of said indebtedness which each township and borough shall pay ; in making said adjustment, as applied to each of said boroughs, reference shall be had to the time of incorporation of such borough, and to the debts then existing, whether since paid or not, and also to the several amounts of township taxes then unexpended ; and the said adjustment shall be based upon the assessment of said township or townships for the year in which such borough was incorporated," etc.

This act of assembly was passed long before the creation of this debt and the issue of the bonds, and consequently the act entered into and became a part of the contract expressed in the bond, and to the mind of your master it was the clear purpose of the act not only to afford a means of adjusting or apportioning the indebtedness between a township and a borough, but also to fix the limit of liability of the respective municipalities. The act is broad and comprehensive in its terms, and your master is unable to place the restricted construction upon it contended for.

It is argued on behalf of the bondholders, that to place this

construction upon the act operates as a diminution of their security. This, to the mind of your master, is only applicable to the territory answerable for the unproportioned debt, and is not applicable to the security. The debt is apportioned on precisely the same basis as it was created, viz: on the basis of the assessed valuation, and the security for the apportioned debt of each municipality is the same as it was for the whole debt before the apportionment. To concur in the position of the bondholders would practically defeat or frustrate all municipal improvements where it became necessary to increase the municipal indebtedness in order to carry out the contemplated improvements. With the liability still existing against either the borough or the township for the payment of the apportioned debt of the other, after the payment of its own apportioned share would render it exceedingly difficult to create any new indebtedness, as the liability still existing might, in many cases, exceed the constitutional limit of municipal indebtedness.

In accordance with the views above expressed, your master apportions said bonded indebtedness of $150,000 as follows:

| | |
|---|---:|
| Proportion payable by the township of Upper Darby to the bondholders direct, or to a receiver to be appointed by the court in accordance with the sixth section of the act of June 12, 1878, P. L. 184,          .     .     .     .     .     . | $94,800  00 |
| Proportion payable by the borough of Lansdowne to the bondholders direct, or to a receiver to be appointed by the court in accordance with the sixth section of the act of June 12, 1878, P. L. 184. | $55,200  00 |
| | $150,000,000 |

Interest on the whole bonded debt having been adjusted to November, 1894, in the foregoing settlement or adjustment of the floating or current indebtedness and assets of the said township, the interest on the above apportioned amounts is payable by the township and borough respectively from said date (November 1, 1894), and in the same manner.

It being specially provided by the fourth section of the act of assembly of 1874 that the township levy, assess and collect an annual tax of eight per centum of the amount of the debt which

shall be applied annually to the redemption of the outstanding obligations, and the township having been divided by the erection of said borough, and as your master has made a division of the debt, it is but just and equitable that the borough should be required to raise its proportion from the territory included within its boundaries. Your master, therefore, finds that of this $12,000, required by the act to be raised annually, the

| | | |
|---|---|---|
| borough of Lansdowne shall raise . . . | $4,416 | 00 |
| And the township of Upper Darby shall raise . | 7,584 | 00 |
| | $12,000 | 00 |

The master recommended that the township of Upper Darby and the borough of Lansdowne respectively pay the proportions of indebtedness found by the master to be due by each of them; whereupon the territory included within their respective limits be discharged from all liability for the apportioned debt of the other and that the township pay to the borough the sum of $2,953.15; that the township and borough each pay interest on its apportioned share of the bonded debt from November 1, 1894; that said township shall annually levy and collect a special tax for sinking fund purposes of the sum of $7,584 for the payment of the interest and principal of the bonds; that the borough shall levy and collect for like purposes, a like tax of the sum of $4,416; that the township shall pay the master's fee, and that the other costs be equally divided.

The following exceptions were filed on behalf of the Provident Life and Trust Company of Philadelphia et al.:

1. Because the master has erred in reporting that the township debt can be apportioned in the manner sought in the bill so as to bind the holders of the bonded debt as well as the township and borough.

2. Because the examiner has erred in construing the acts of assembly bearing on the subject of the apportionment and division of township and borough debt upon the creditors of the township who became such prior to the establishment of the borough.

3. Because no act of assembly confers any power on the township or borough to cause an apportionment to be made which shall be binding upon creditors who became such prior to the creation of the borough.

4. Because the master has erred in reporting that the security of the creditors for the debt, contracted before the establishment of the borough, can be lessened or altered against their protest and without their consent.

5. Because to adopt the master's conclusion and report would be a violation and alteration of the contract upon which the bonds of the township were created and sold, and therefore contrary to the constitution of the state of Pennsylvania and of the United States of America.

6. Because the master's report does not conform to equity and good faith as between debtor and creditor.

The decree of the court was that the exceptions be sustained.

*Error assigned*, among others, was above decree.

*Lewis Lawrence Smith*, for appellant.—The act of 1878 affects only the remedy: Penrose v. Erie Canal Co., 56 Pa. 46.

The act of June 12, 1878, P. L. 184, warrants the redress asked for.

The equities of the case greatly favor the appellant's contention.

*Edward A. Price*, *Joseph B. Townsend* with him, for appellee.

PER CURIAM, March 2, 1896:

The decree appealed from in this case is well made, and conforms to the spirit and letter of the act of the 12th day of June, 1878. The powers of the court are limited to an adjustment of the common indebtedness between the township and borough so that each may levy and collect through its own machinery the amount determined by the court to be its proper share. The act gives to the court no power over the creditor. Each body remains liable to him for the whole of the indebtedness; but as between themselves the amount to be paid by the township and borough respectively is fixed, so that if either pays or is compelled to pay more than its share, it will be subrogated to the rights of the creditor as to that amount and be entitled to collect it from the defaulting body. If the whole debt should be charged up to each as a liability, a credit should be given to each for so much as the decree fixes as the share of the other. In effect as between themselves, and for the purpose of striking a balance for the purpose of ascertaining the borrowing power of each, the borough and township will thus be charged only with the amount charged against it in the decree, but the rights of the creditors remain as before. The decree is affirmed. The costs of the appeal to be paid by the appellant.