## Munhall Borough, Appellant, *v.* Mifflin Township.

*Townships—Boroughs—Apportionment of rights and liabilities between borough and township—Act of June 12, 1878, P. L. 184—Equity.*

Where a borough has been set off from a township, a court of equity has jurisdiction under the Act of June 12, 1878, P. L. 184, to ascertain, adjust and apportion between the borough and the township not only the liabilities of the township existing at the time of the incorporation of the borough, but also the assets of the township existing at the date of the borough incorporation. The fact that the township may have paid off all the debt after the date of the incorporation and before the filing of the bill, will not defeat the right of the borough to have an apportionment of the assets.

*Statutes—Construction of statutes.*

It is an established rule, in construing a statute, that the intention of the lawgiver and the meaning of the law are to be ascertained by viewing the whole and every part of the act. One part of a statute must be so construed by another that the whole may, if possible, stand; and that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. If any section be intricate, obscure or doubtful, the proper mode of discovering its true meaning is by comparing it with the other sections, and finding out the sense of one clause by the words or obvious intent of another.

Argued Nov. 3, 1904. Appeal, No. 201, Oct. T., 1904, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1901, No. 738, dismissing bill in equity in case of Munhall Borough v. Mifflin Township. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Bill in equity for the adjustment of liabilities and assets between a borough and township. Before RODGERS, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court dismissing the bill.

*J. Merrill Wright,* with him *J. E. McKelvy* and *John F. Sandson,* for appellant, cited: Darby Twp. v. Lansdowne Borough, 174 Pa. 203; Sugar Notch Borough, 192 Pa. 349.

*Chas. A. O'Brien,* with him *J. H. W. Simpson* and *Chas. W. Ashley,* for appellees, cited: Munhall Borough School Dist. v. Mifflin Twp. School Dist., 207 Pa. 638.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:
This is a bill in equity filed by the borough of Munhall against the township of Mifflin under the provisions of the Act of June 12, 1878, P. L. 184, praying, inter alia, " for an adjustment, apportionment and division of the rights, liabilities and assets, between it and the township of Mifflin, and for the ascertainment of the indebtedness of the said township, if any such there be, as they existed on June 24, 1901, at the time of the incorporation of the borough of Munhall." The eleventh paragraph of the bill, as amended, avers : " That there remains uncollected but due and owing said township various amounts of taxes for past years, as well as for the year 1901, and that the township has various other assets, including stone crushers, machinery, tools, etc., the number, character, amounts and values of which are to your orator unknown, and that the said township has certain liabilities and indebtedness, the kinds and amount of which are to your orator unknown." The defendant's answer to this paragraph is as follow: " The averments in the eleventh paragraph of the plaintiff's bill are denied as stated. A full statement of the facts of the matters therein complained of are as follows : There remains uncollected, but due and owing said township a portion of the taxes for the years 1901 and 1902, and that the township has stone crushers, machinery and tools, but has no liabilities or indebtedness of any kind whatsoever." As to the assets and liabilities of Mifflin township at the date of the decree incorporating the borough of Munhall, the court found as follows : (3) That at

the date of said decree the township of Mifflin had certain assets, consisting of moneys, uncollected taxes and personal property amounting to about $28,000.   (4) That at the date of said decree the township of Mifflin had certain indebtedness on current accounts amounting to probably $5,000, which was paid out of funds of said township, before the institution of this action." The learned trial judge held that " under the facts as found, the court has no jurisdiction," and dismissed the plaintiff's bill.

In this interpretation of the act of 1878, we do not concur. It is entirely too narrow to meet the manifest intention of the legislature in passing it. The act is entitled " An Act providing for the adjustment of all indebtedness between a township and one or more boroughs erected therefrom, also providing for the adjustment of the indebtedness of a township changed or merged into one or more boroughs." The first section of the act provides, inter alia: " That every borough which has been or may hereafter be erected out of any township or parts of adjoining townships, shall share, in just proportion, in the rights and liabilities of said township or townships, existing at the time of its incorporation ; the proportion of each borough as aforesaid to be ascertained by reference to the assessment of said township or townships for the year in which such borough was incorporated." And the second section provides : " Whenever any township has been or may hereafter be entirely merged into more than one borough and the township shall thereby have ceased to exist, the rights and liabilities of said township shall devolve, in just proportion, upon the said several boroughs, but no borough shall be entitled or liable as aforesaid, except as to such rights and liabilities as existed at the time of its incorporation, and the proportion of each borough, as aforesaid, shall be ascertained in like manner as prescribed in the first section of this act." The subsequent sections of the statute confer jurisdiction on the court of common pleas, sitting in equity, " by a suit or suits in equity," on the application of a creditor or of the township or borough to " equitably adjust and apportion said indebtedness " between the township and borough and thereupon to " decree the proportion of said indebtedness which each township and borough shall pay." They also provide the manner in which such jurisdiction shall be exercised. In section

three of the act, it is enacted that "in making said adjustment, as applied to each of said boroughs, reference shall be had to the time of incorporation of such borough, and to the debts then existing, whether since paid or not, and also to the several amounts of township taxes then unexpended; and the said adjustment shall be based upon the assessment of said township or townships for the year in which such borough is incorporated." And in the seventh section it is provided that each borough shall receive its proper share of credit for any indebtedness due the township and of any unappropriated balance in the township treasury at the end of the year in which the borough shall have been incorporated.

"It is an established rule, in construing a statute," says the learned author of Brooms Legal Maxims (p. 585), "that the intention of the lawgiver and the meaning of the law are to be ascertained by viewing the whole and every part of the act. One part of a statute must be so construed by another that the whole may, if possible, stand; and that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. . . . If any section be intricate, obscure or doubtful, the proper mode of discovering its true meaning is by comparing it with the other sections, and finding out the sense of one clause by the words or obvious intent of another." In Coke on Littleton (381a), it is said that "it is the most natural and genuine exposition of a statute to construe one part of the statute by another part of the same statute, for that best expresseth the meaning of the makers." In 26 Am. & Eng. Ency. of Law (2d ed.), 618, citing authorities which sustain the text, it is said: "A construction which would leave without effect any part of the language used should be rejected if an interpretation can be found which will give it effect." And in Umholtz's License, 191 Pa. 177, GREEN, J., says: "Statutes are to be so construed as best to effectuate the intention of the legislature, though such construction may seem contrary to the letter."

The statute under consideration became a law twenty-six years ago. Apparently there has heretofore been no difficulty in construing it, as we have been referred to but one case, Darby Township v. Lansdowne Borough, 174 Pa. 203, decided eighteen years after its enactment, involving an inter-

pretation of the act.   The question presented here, however, was not raised in that case ; but in making the adjustment there the personal assets as well as the liabilities of the township were taken into consideration and there was no objection or exception to this action of the trial court.   In the interpretation of the statute there is no difficulty in giving effect to all parts of it, and if we do so, the purpose of the legislature is manifest.   The first two sections declare that the newly created borough shall share in the " rights and liabilities " of the township as of the date of the borough's incorporation and that its proportion thereof shall be ascertained by reference to the township assessment for the year in which the borough was incorporated.   The statute, after thus declaring that a borough erected as therein provided shall share in just proportion in the rights and liabilities of the township, then provides in the third section that whenever any borough has been erected " as aforesaid," the court of common pleas shall have power to ascertain the indebtedness of the township and to equitably adjust and apportion it between the township and borough and decree the proportion that each shall pay. Standing alone, the third section, providing the mode of procedure, might be construed to authorize only an adjustment of the liabilities between the parties, but when read, as the language contemplates it shall be, in connection with the two preceding sections of the act, it is manifest that the court in exercising the authority conferred by the section " to equitably adjust and apportion said indebtedness," should consider the rights and liabilities of the township and the proportion or share thereof payable to and by each of the parties as directed in the former sections of the act.   The adjustment is to be made on the equity side of the court, and by " a suit or suits in equity."   Hence it is purely an equitable proceeding to ascertain the indebtedness of the township and " to equitably adjust and apportion said indebtedness," which can only be done by taking into consideration the shares of each party in the rights and liabilities of the township, ascertained in the manner provided in the first section of the act.   This does equity between the borough and township by awarding to each municipality its share of the assets and imposing on each its share of the liabilities, which is clearly the intendment of the statute.   It

also gives force and effect to every part of the act which accords with the well-settled rules of statutory construction as announced in the authorities above cited.

If, on the other hand, we hold with the trial court that its authority under the act is limited to an adjustment of the township indebtedness regardless of the share of the parties in the rights and liabilities of the township, we ignore the express provision of the first two sections that the borough shall share in the rights as well as the liabilities of the township and the evident purpose of the statute to confer jurisdiction on the court to recognize and enforce that provision in its decree. We also permit one of the municipalities to retain any excess of assets it may have at the date of the decree incorporating the borough, thus permitting it, possibly, to hold all the assets of the original municipality while requiring the other party to pay its share of the indebtedness.  This case illustrates very forcibly what result may be attained under such construction of the act.  At the time of the incorporation of the borough the assets of the township, as found by the court, were $28,000, all of which was retained by the township, and the indebtedness was $5,000, the larger proportion of which will, under the act of 1878, be paid by the borough.  Such manifestly could not have been the intention of the legislature in passing the act, and is directly in the teeth of the statute which declares that the borough shall share, in just proportion, in the rights and liabilities of the township existing at the time of its incorporation.

It appears that the township paid the indebtedness against it after the decree incorporating the borough had been entered, and the learned trial judge held that if it were not for this fact, the act of 1878 would apply.  But he overlooked the fact that it is the indebtedness " existing at the time of the incorporation " of the borough, " whether since paid or not," that confers statutory jurisdiction on the court, and hence the voluntary payment of it subsequent to that date would not oust the jurisdiction but give the party a right to claim a credit for the amount paid in the adjustment made in the proceedings authorized by the statute.

We are of opinion that the court below had jurisdiction under the act of 1878 to adjust the indebtedness of the two municipal

bodies, and that in doing so the township should account for the personal assets found to be in its hands at the date of the incorporation of the borough.

The decree is reversed with a procedendo.