## Commonwealth ex rel. William A. Schnader, Attorney General, v. King.

Argued May 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wm. A. Schnader,* Attorney General, for plaintiff.

*Roland S. Morris,* with him *Archibald T. Johnson,* for defendant.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1933:

We have here a proceeding to try respondent's title to the office of member of the Public Service Commission of the Commonwealth, arising upon a writ of quo warranto issued out of this court under its original jurisdiction.

A vacancy having occurred on the Public Service Commission in the summer of 1932, the governor, on September 21st of that year, appointed respondent, Clyde L. King, "to serve, subject to the approval of the senate, when convened, for the residue of the term ending the first day of July, A. D. one thousand nine hundred thirty-seven." The next session of the legislature convened January 3, 1933, and on that day the governor submitted to the senate for its approval the names of five persons whom he had appointed as members of the commission, including that of respondent. On May 6, 1933, the senate adjourned without having approved or rejected the appointment of respondent to membership on the commission. On May 12, 1933, the attorney general filed his suggestion for writ of quo warranto to test respondent's title to the office, averring that, although respondent is not now a member of the commission, he "unlawfully intrudes himself into the said commission and usurps the same contrary to law."

The issue between the parties is whether, under the provisions of the Public Service Company Law of 1913,

P. L. 1374, a recess appointment to the commission must be acted upon by the senate at its next session. Section 3, of article IV, of the Act of 1913, supra, provides as follows: "When a vacancy shall occur in the office of any commissioner, a commissioner shall, in the manner aforesaid, be appointed for the residue of the term. If the senate shall not be in session when this act is approved, or when any vacancy occurs, the original appointments, or any appointment made by the governor to fill a vacancy, shall be subject to the approval of the senate when convened......" The learned attorney general contends that the words "when convened" necessarily mean when *next* convened, and that the appointment becomes nugatory from and after the final adjournment of the senate if not approved by that body. The position of respondent is that the appointment is valid until disapproved by the senate, and, in the words of counsels' brief, that "there is no obligation upon the senate to act at any particular session."

In support of his argument, respondent asserts that the issue here presented was decided in his favor by Com. ex rel. v. Stewart, 286 Pa. 511. An examination of the facts of that case, however, discloses an entirely different situation. What we there decided was that the senate, in pursuance of the power of approval conferred upon it by the legislature in the Public Service Company Law, could approve a recess appointment made by the governor although the appointee's name was not subsequently transmitted to the senate by the chief executive for approval. We said, at pages 518-19: "The senate is a continuing body, at least so far as its records are concerned, and these showed that the governor on January 6, 1925, had appointed the defendant for the residue of a term then vacant which expired July 1, 1931. The records and the governor's communications to the senate at the special session of 1926, when he transmitted other appointments for the residue of other terms showed that the only term to which defendant could lawfully be ap-

pointed was that in which the senate acquiesced, ending July 1, 1931, and to which he had been previously designated. As to the term to which the governor had attempted to limit him, this the senate could disregard, and, in the exercise of its undoubted power, could appoint for the lawful term. Moreover, the governor could not, by subsequently commissioning the defendant for an unauthorized term, change the fact that his prior and real appointment was for the designated legal term. Having made an appointment in the discharge of his agency, the governor could do nothing further until the legislature acted on the person he had appointed; he could not properly withhold from the senate knowledge of what he as agent of the legislature had done; indeed, without information from him, it could have taken official knowledge of the fact that defendant was acting as a commissioner, and, with this knowledge, have expressed its approval of his appointment for the term he was legally entitled to fill."

The vital point which distinguishes the Stewart Case from the one now before us is that, in the former case, although the senate adjourned in 1925 without acting upon the first appointment made November 10, 1923, the governor immediately reappointed the same individual, on May 4, 1925, for a term to extend "until the end of the next session of the senate." When the senate convened in special session in 1926, there was, therefore, a recess appointment pending for its consideration.

To adopt respondent's contention that the approval of the senate may be given "at any time during the term of the appointment which has been made by the governor," is to delete from the statute the words "when convened," a process which is contrary to the settled rule of statutory construction that we must "so construe the act as to give effect to all of the words": McCarl v. Houston Boro., 263 Pa. 1, 4; Munhall Boro. v. Mifflin Twp., 210 Pa. 527; Turnpike Road Co. v. Montgomery Co., 228 Pa. 1. If the senate may withhold approval from session to

session, it need, of course, never approve, and respondent might conceivably exercise the office until the end of the term, July 1, 1937, notwithstanding several regular sessions of the senate intervened during his term. Not only might he do that, but the commissioners appointed at the same time to other vacancies might also do so; indeed, the Public Service Company Law might be administered for years by commissioners whose appointments had not been approved by the senate. Unless compelled by its phraseology, we should not adopt a construction of the statute which might produce relaxation in the honest and fearless performance of the duties of the commission in hope of approval by the senate or in dread of disapproval. Such mischief, even if improbable, will be avoided by giving the words their ordinary meaning. The senate has the power to veto an appointment, but, if made when the senate is not in session, the senate must act on the appointment "when convened," or the right to the office ceases with the adjournment of the senate.

The demurrer of defendant is overruled and judgment is hereby given against defendant, ousting him from the office of member of the Public Service Commission of the Commonwealth of Pennsylvania, and it is further ordered that he pay the costs of these proceedings.