## Reappointment of Public Utility Commissioners

BARD, Attorney General, November 29, 1938.—You have requested our opinion as to whether you, as Governor, may, after an appointment of an individual as a member of the Pennsylvania Public Utility Commission has been rejected by the Senate, appoint the same individual, after adjournment of the Senate, to the unexpired residue of the term of the office.

The appointive powers of the Governor with respect to the office of member of the Pennsylvania Public Utility Commission are defined by the Act of March 31, 1937, P. L. 160, which provides, in part, as follows:

"Section 1. (*a*) A commission to be known as the Pennsylvania Public Utility Commission is hereby created. The commission shall consist of five members who shall be appointed by the Governor, by and with the advice and consent of two-thirds of all the members of the Senate. The commissioners first appointed under this act, shall continue in office for terms of two, four, six, eight, and ten years, respectively, from the effective date of this act, and until their respective successors shall be duly appointed and shall be qualified, but their successors shall each be appointed for a term of ten years. . . .

"Section 2. When a vacancy shall occur in the office of any commissioner, a commissioner shall, in the manner

aforesaid, be appointed for the residue of the term. If the Senate shall not be in session when any vacancy occurs, any appointment made by the Governor to fill the vacancy shall be subject to the approval of the Senate, when convened. No vacancy in the commission shall impair the right of a quorum of the commissioners to exercise all the rights and perform all the duties of the commission."

These powers are the same as were conferred upon the Governor by The Public Service Company Law of July 26, 1913, P. L. 1374, art. IV, under which statute the Public Service Commission, the predecessor of the present commission, was created.

Section 10 of the Act of 1937, supra, provides as follows:

"The Pennsylvania Public Utility Commission shall exercise the powers and perform the duties exercised and performed prior to the effective date of this act by The Public Service Commission of the Commonwealth of Pennsylvania, and any powers and duties subsequently vested in and imposed upon the Pennsylvania Public Utility Commission by law."

The principles of law applicable to this question, insofar as they concern the appointment of members of the Pennsylvania Public Utility Commission, have been enunciated in the cases of Commonwealth ex rel. v. Benn, 284 Pa. 421 (1925), Commonwealth ex rel. v. Stewart, 286 Pa. 511 (1926), and Commonwealth ex rel. v. King, 312 Pa. 412 (1933).

In Commonwealth ex rel. v. Benn, supra, the Supreme Court ruled that the Public Service Commission, the predecessor of the present Pennsylvania Public Utility Commission, was an administrative arm of the legislature, since the services performed by it were predominantly legislative in character; that the members were, therefore, instruments of the legislature; and that the Governor, in respect to the rights of appointment and discharge of the members, acted as the agent of the legis-

lature, and hence was subject in the exercise of such powers to the control of the Senate, which, by the terms of the statute, was, in fact, the real appointive power.

In Commonwealth v. Stewart, supra, the Governor, while the Senate was not in session, in 1923 appointed Stewart to the Public Service Commission, and in January of 1925 submitted to the Senate the appointment of Stewart for the residue of the unexpired term, ending July 1, 1931. The Senate did not act upon the appointment, whereupon, after adjournment, on May 4, 1925, the Governor reappointed Stewart to hold until the end of the next session of the Senate. The legislature having been convened in special session in 1926, the Governor submitted the nominations of three persons to serve as public service commissioners for certain specified terms, but did not nominate Stewart, who was then actually serving as a member of the commission by the Governor's designation of May 4, 1925. The Senate acted upon the nomination of Stewart made May 4, 1925, and consented to, and approved, the appointment for the residue of the unexpired term. It was held by the Supreme Court that, inasmuch as the Governor, by the terms of the statute, could appoint only for the unexpired term, his attempted limitation of the term of his appointee to a lesser period might be ignored by the Senate, as was done.

In Commonwealth ex rel. v. King, supra, a vacancy having occurred in the summer of 1932 in the office of member of the Public Service Commission, while the Senate was not in session, the Governor appointed King to serve for the residue of the unexpired term. At the next session of the Senate, in 1933, the Governor submitted to the Senate the name of King for its approval. The Senate adjourned without having approved or rejected the appointee. After adjournment a quo warranto action was brought to test King's right to the office. The Supreme Court held that an appointment to fill a vacancy on the Public Service Commission, made by the Governor when the Senate is not in session, is subject to approval when

the Senate has convened, and if not approved by the Senate at its convened session, it is nugatory from and after final adjournment of that body.

It must be noted that none of these cases is decisive of the issue involved in your question, since no reappointment was made by the Governor after the action of the Senate.

In Commonwealth ex rel. v. Snyder et al., 261 Pa. 57 (1918), where the Senate rejected the nomination by the Governor to an office subject to his appointment (in this case Commissioner of Banking), it was held—not, however, without vigorous dissent—that the Governor may, under the authority of article IV, sec. 8, of the Pennsylvania Constitution, after the adjournment of the Senate, appoint the rejected nominee until the end of the next session of the Senate, but that the Governor cannot make the appointment of such person for a full or unexpired term without the advice and consent of two thirds of all the members of the Senate.

But this case is not necessarily determinative of the question here involved, since the office concerned therein was one which lay inherently within the appointive power of the Governor, whereas in the instant case the Governor appoints the member, not by reason of any inherent power vested in him, but rather, as determined in the Benn case, as the agent of the Senate.

Considering the nature of the appointive power of the Governor with respect to members of the Pennsylvania Public Utility Commission, we are forced to the conclusion, and you are accordingly advised, that the Governor may not make an ad interim appointment of the rejected appointee. The withholding of its consent by the Senate is a denial of the Governor's authority to reappoint the same individual. As to him, the Governor's right of appointment has been taken away.

If it be contended that under this view such an appointee would effectually be barred from holding such office in the future, the answer is that no such result

follows. The effect of the Senate's action of rejection is merely an abridgment of the Governor's authority; the power of the Senate yet remains. That body, upon renomination by the Governor, may give its consent and approval to the reappointment of the rejected individual, but, in our opinion, until this is done, the appointment by the Governor would be ineffectual.