## Pennsylvania Game Commission v. Wargo

*Jacob Schiffman*, for appellant.

*Robert Gillespie*, for appellee.

VALENTINE, P. J., January 25, 1956.—On December 5, 1954, defendant, John J. Wargo, signed an acknowledgment that he was guilty of having violated section 716 of The Game Law prohibiting the sale of game: Act of June 3, 1937, P. L. 1225, as amended by the Act of May 6, 1943, P. L. 195, 34 PS §1311.716.

For said violation he paid a fine of $100 to the representative of the Pennsylvania Game Commission as provided for by the amending Act of April 18, 1949, P. L. 509, 34 PS §1311.1203.

On October 18, 1955, the Pennsylvania Game Commission revoked defendant's hunting license for a period of three years. This action was taken under the provisions of section 315 of the game laws.

From the order of the commission defendant, pursuant to the amending Act of August 9, 1953, P. L. 270, petitioned for a hearing de novo. The testimony adduced on such hearing raises two questions:

(1) Whether defendant signed the admission of guilt by reason of legal entrapment on the part of the representatives of the game commission?

Our conclusion is that the evidence does not support this contention. The evidence indicates that the officers, having reason to believe that defendant was desirous of selling a deer, furnished the opportunity for the consummation of the sale. This was not entrapment: Commonwealth v. Hoffecker, 27 Berks 136. We have no hesitancy, therefore in finding that defendant did sell a deer and that there was legal basis for his acknowledgment of guilt.

(2) A more difficult question is whether the representatives of the game commission had legal authority to revoke appellant's license. The sale of the deer occurred on December 5, 1954, during the deer season. Section 731 of The Game Law, Act of June 24, 1939, P. L. 810, 34 PS §1311.731(q) II, fixed the penalty for "buying or selling" of each deer . . . $100.

Section 315, 34 PS §1311.315, provides:

"(1) The commission may revoke any hunter's license and deny any person the right to secure a license or to hunt or trap anywhere in this Commonwealth, with or without a license, if said licensee or person has either been convicted or signed an acknowledgment of violating any provision of this act, . . ."

This is the section relied upon by the Commonwealth to sustain the order of revocation.

The amendment of section 731(q) II, Act of July 28, 1953, P. L. 704, changed the penalty for the "buying or selling" of game as follows:

"II. Each deer, one hundred dollars during any deer season; at any other time, one hundred dollars

and the person convicted shall be denied the right to hunt or trap anywhere in this Commonwealth, with or without a license, for a period of three years."

Prior to this amendment no distinction was made between a sale of deer during the deer season and a sale made at any other time.

Counsel for the Commonwealth contends that notwithstanding the restriction contained in the amendment to section 731, the game commission still possessed unlimited power to revoke a hunting license: "If there is either a conviction or an acknowledgment of violation of any provision of the Act." To adopt this construction would be to nullify and render ineffectual the provisions of the amending Act of 1953, which makes a distinction between the sale of deer during deer season and the sale of deer at any other time.

It is our duty and responsibility to ascertain and effectuate the intention of the legislature. The amendment of 1953 should be construed, if possible, to give effect to all its provisions: Commonwealth ex rel. v. King, 312 Pa. 412. To adopt the construction contended for by the Commonwealth would be to render ineffectual the provision of this section in so far as it designates a different penalty for the sale of deer during deer season and the sale of deer at any other time. Yet it seems clear that the legislature must have intended this result. If it did not so intend there was clearly no purpose for the enactment of the amendment. To adopt the construction contended for by the Commonwealth would, for all practical purposes, defeat the legislative purpose. Such result should be avoided: Wiesheier et al. v. Kessler, Admr., 311 Pa. 380.

We are of the opinion that the effect of the amendment to section 731 of the act was to restrict the power of the game commission to revoke hunting licenses for the sale of deer to cases in which the sale did not occur during the deer season, and that such construction

conforms to the provision of article V, sec. 73, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §573, which provides:

"Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time": Commonwealth v. Sarricks, 161 Pa. Superior Ct. 577.

Now, January 25, 1956, upon due hearing, the action of the game commission in revoking the hunting license of defendant, John J. Wargo, is decreed null and void and the same is set aside.