# Commonwealth ex rel. v. Stewart.

*Public officers—Public service commissioners — Appointment—Removal—Act of July 26, 1913, P. L. 1374—Construction of statutes—Contemporary interpretation—Constitutional law.*

1. The Governor in making appointments to the Public Service Commission under the Act of July 26, 1913, P. L. 1374, acts merely as the agent of the legislature.

2. Under the act, where there is a vacancy, the Governor, as the agent of the legislature, can appoint only for the unexpired term; he cannot appoint to the end of the session of the Senate.

3. The fact that several governors have made appointments to the commission during a recess of the Senate, and commissioned their appointees until the end of the next session of the Senate, will not justify the courts in recognizing such appointments as legal, in view of the plain wording of the act.

4. It is only where the provisions of a statute are doubtful that contemporary interpretation is looked on as an aid in fixing its meaning.

5. A practice of doing things in a different manner than the law directs cannot supersede valid legislation.

6. Where the Governor appoints a commissioner to the Public Service Commission, for the term of an unexpired vacancy, during a session of the Senate, but the Senate does not act thereon, and, after the adjournment of the Senate, the Governor issues a commission to the same person to act "until the end of the next session of the Senate," the Senate, in an extra session of the legislature subsequently convened, may approve the appointment for the unexpired term, and ignore the appointment "until the end of the next session of the Senate."

7. In such case the Governor cannot, by subsequently commissioning his appointee for an unauthorized term, change the fact that his prior and real appointment was for the designated legal term.

8. The Governor cannot withhold from the Senate knowledge of what he has done as its agent in making appointments to public office.

9. The Senate is a continuing body, at least as far as its records are concerned.

Argued May 10, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Petition for quo warranto, No. 5, Miscellaneous Docket of the Supreme Court; original jurisdiction, in case of Commonwealth ex rel. George W. Woodruff, Attorney General, v. John L. Stewart.

*Wm. A. Schnader,* Special Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for Commonwealth.—When the Senate either gives or refuses its advice and consent or voices or withholds its approval, it is acting as the agent of the legislature. It is not, for it could not constitutionally be, the legislature.

The Senate's authority as the agent of the legislature is limited, not general. It can be enlarged only by constitutional amendment or by statute.

In the Benn Case this court held that the Governor is not *empowered* by law to appoint public service commissioners; it did not, for it could not, decide that he was not *authorized* by law to appoint them.

This court in the Benn Case has recognized as correct the practice of successive governors in making nominations.

"Nomination" by the Governor is essential in all cases to set in motion the machinery set up by the Public Service Company Law, for the appointment of members of the commission either for a full term or for the residue of a term.

The Public Service Company Law neither authorizes the Governor to make recess appointments nor provides for what terms they shall be made. It recognizes that the Governor will make them, but beyond that it is silent.

Article IV, section 8, of the Constitution provides that the Governor "shall have power to fill all vacancies that may happen, in offices to which he may appoint, during the recess of the Senate, by granting commissions which shall expire at the end of their next session."

The legislature was familiar with this constitutional provision and believed that it would and intended that it should apply to recess appointments to membership on the Public Service Commission.

Section 8, of article IV, of the Constitution, unlike article VI, section 4, does not speak of the appointing power; it applies to all offices to which the Governor "may appoint," whether he may appoint as agent or as the appointing power.

There is no case in this State, and so far as we have been able to ascertain in any other State, which has ever held that a recess appointment under a constitutional provision similar to ours can be extended for a full or unexpired term by action of the Senate without the expressed concurrence of the Governor.

In the Benn Case, the question now before this court was not at issue; it was merely discussed collaterally.

If a vacancy occurs while the Senate is in session, clearly the Senate cannot by any process compel the Governor to submit a nomination for the full term or for the residue of the term as the case may be.

It is also indisputable that, in such a case, the Senate could not make an appointment, in the absence of a nomination by the Governor. Under the authority to advise and consent, the Senate's functions begin after the Governor has acted; he must take the initiative.

*Owen J. Roberts,* with him *Mercer B. Tate, Jr., George Ross Hull* and *Francis Shunk Brown,* for John L. Stewart.—The person selected by the Governor to fill a vacancy in the commission, immediately upon his appointment by the Governor, becomes a member in place of his predecessor "for the residue of the term" of such predecessor.

The scheme of the act is clear that each commissioner actually in service is in "a term." There is no intent in the act that three, four or five members of the commission may at any time be in service with undesignated or unidentified terms, or with the question of their respective tenures of office remaining open or thereafter to be settled or determined.

The language of the commission is immaterial if in fact the commissioner's appointment is initiated by the Governor as agent of the legislature. The Governor may not change the statutory term of the appointee: Com. v. Slifer, 25 Pa. 23.

There is but one method of removal of a commissioner. If the Governor has appointed him to a term, he cannot, actually or by failure to send his name to the Senate, remove him.

In any view of the facts and the law defendant was lawfully appointed to and now holds the term ending July 1, 1931: Marbury v. Madison, 1 Cranch 137.

The Commonwealth's contention as to "recess appointments" is contrary to the Benn Case.

Article IV, section 8, of the Constitution has no application to this case.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

This quo warranto proceeding challenges the right of defendant to occupy the office of public service commissioner.

We have very recently had occasion to review the status of those appointed members of the Public Service Commission in Com. ex rel. v. Benn, 284 Pa. 421, and shall not go over the ground covered in that case further than is necessary to formulate the reasons for the conclusion we reach in the one at bar. There we determined that the Governor in making appointments to the commission acted merely as the agent of the legislature. We said (p. 437) : "The general assembly dictated the manner in which the Governor might exercise the power [to appoint to the Public Service Commission] which it conferred on him. All of this delegation of authority, however, is simply for the purpose of setting up machinery by which the appointing power may practically operate, and the legislature itself remains that power, the Governor acting only as its agent......It [the legislation] presents merely a direction by the general assembly as to how delegated authority shall be exercised by a named agent." How is the delegated authority to be exercised, according to the act? "This commission shall consist of seven members, who shall be appointed by the Governor, by and with the advice and consent of the Senate......When a vacancy shall occur in the office of any commissioner, a commissioner shall, in the manner aforesaid, *be appointed for the residue of the term.* If the Senate shall not be in session......when any vacancy occurs......any appointment made by the Governor to fill a vacancy shall be subject to the approval of

the Senate when convened" (Public Service Company Act July 26, 1913, P. L. 1374, 1396).

The record shows that on November 10, 1923, the Governor appointed defendant a member of the Public Service Commission and on January 6, 1925, the Senate then being in session, he nominated him to it for appointment for the residue of the term ending July 1, 1931, which the record also discloses was the term of a vacancy in the office of one of the commissioners. The Senate did not act on the matter, and, after its adjournment, the Governor issued, on May 4, 1925, a new commission to defendant, this commission reading "until the end of the next session of the Senate." The legislature was convened in extra session on January 13, 1926, and on January 18th, the Governor notified the Senate of his designation of three persons to serve as public service commissioners for certain specified terms, but did not send to it the name of defendant, who was then actually serving as a member of the commission at the Governor's designation. On the same day, January 18th, the Senate called upon the secretary of the Commonwealth, who is directed, under the Constitution, article IV, section 18, to "keep a record of all official acts and proceedings of the Governor and when required lay the same, with all papers, minutes and vouchers relating thereto, before either branch of the general assembly," to furnish to it copies of all papers and records in his office pertaining to the appointment of members of the Public Service Commission made since the adjournment of the last session of the Senate, and the secretary, in response to the call, transmitted to the Senate, among other records, a certified copy of the commission issued by the Governor on May 4, 1925, to defendant, appointing him a member of the commission "until the end of the next session of the Senate." On January 19th, the Senate adopted a resolution in which it was recited that the secretary of the Commonwealth had transmitted to it, in accordance with its resolution, the information relating to appoint-

ments of public service commissioners by the Governor since the last session of the Senate and that it appeared "from said records, from the records of the Senate, and from communications heretofore received by the Senate from the Governor that John L. Stewart was, on May fourth, one thousand nine hundred and twenty-five, appointed as a member of the Public Service Commission to fill the vacancy in the term ending July first, one thousand nine hundred and thirty-one, took and filed his oath of office the same day, and has since been serving as such commissioner, therefore be it resolved that the Senate do advise, consent and approve the appointment of John L. Stewart as a member of the Public Service Commission of the Commonwealth of Pennsylvania for the term of office ending July first, one thousand nine hundred and thirty-one." The suggestion of the attorney general sets forth that the membership of defendant on the commission expired with the adjournment of the Senate on February 18, 1926, arriving at this conclusion on the strength of prior averments to the effect that by reason of the failure of the Senate at its 1925 session to act on the Governor's "nomination" of January 6, 1925, a vacancy occurred in the place for which the Governor had appointed defendant, that this permitted the Governor to make the appointment of defendant on May 4, 1925, which appointment was only for a term until the end of the next session of the Senate, and finally that the resolution of the Senate passed thereafter purporting to advise, consent and approve the appointment of defendant for the term ending July 1, 1931, was void and of no effect.

In the Benn Case we said (p. 436) : "Public service commissioners must be viewed as deputies of the general assembly to perform legislative work.....The legislature..... very naturally chose him [the Governor] as its agent for the purpose of exercising its authority to appoint its own instruments, giving him the right to take the initiative in......nominating......subject to

its ultimate approval, to be expressed by a vote of the Senate, which body the act before us in effect authorizes to speak for both chambers on such matters. At the same time, the general assembly dictated the manner in which the Governor might exercise the power which it conferred on him." As the agent of the legislature, which is the real appointing power, ("the legislature itself remains that power": Benn Case) the Governor could appoint only as the law directed, for an unexpired term. He was powerless to limit the term, as he attempted to do, to the end of the session of the Senate, when the law provides otherwise. It is urged upon us by the attorney general, speaking through his able deputy who argued the case, that there was nothing before the Senate when it acted showing what the term was; with this we are unable to agree. The Senate is a continuing body, at least so far as its records are concerned, and these showed that the Governor on January 6, 1925, had appointed the defendant for the residue of a term then vacant which expired July 1, 1931. The records and the Governor's communications to the Senate at the special session of 1926, when he transmitted other appointments for the residue of other terms showed that the only term to which defendant could lawfully be appointed was that in which the Senate acquiesced, ending July 1, 1931, and to which he had been previously designated. As to the term to which the Governor had attempted to limit him, this the Senate could disregard, and, in the exercise of its undoubted power, could appoint for the lawful term. Moreover, the Governor could not, by subsequently commissioning the defendant for an unauthorized term, change the fact that his prior and real appointment was for the designated legal term. Having made an appointment in the discharge of his agency, the Governor could do nothing further until the legislature acted on the person he had appointed; he could not properly withhold from the Senate knowledge of what he as the agent of the legislature had done;

indeed, without information from him, it could have taken official knowledge of the fact that defendant was acting as a commissioner, and, with this knowledge, have expressed its approval of his appointment for the term he was legally entitled to fill.

The Commonwealth argues that, because all governors who, since the creation of the Public Service Commission have made appointments to it during recesses of the Senate, have commissioned their appointees until the end of the next session of the Senate, we should hold this practice as a heavily determining factor in favor of the Governor's right so to appoint in the present instance. We think the answer lies in the words of the act itself. Whatever may have been done heretofore, the Governor cannot nullify the law or appoint otherwise than as it provides. A practice of doing things in a different manner than the law directs cannot supersede valid legislation: Armstrong v. King, 281 Pa. 207, 213; Collins v. Kephart, 271 Pa. 428, 434; Kucker v. Sunlight Oil & Gasoline Co., 230 Pa. 528. It is only where the provisions of a statute are doubtful that contemporary interpretation is looked to as an aid in fixing its meaning: Lawrence County v. Horner, 281 Pa. 336; Armstrong v. King, 281 Pa. 207; Com. ex rel. v. Paine, 207 Pa. 45; 25 Ruling Case Law 1043. Here the language of the statute is plain.

As to the contention made by the Commonwealth that the commission issued to defendant is an important factor in determining his right to the office, it is sufficient to say that a commission was not required by the act and was not therefore necessary to the validity of his appointment: Fekete v. City of East St. Louis, 315 Ill. 58, 145 N. E. 692; 29 Cyc. 1372; 22 Ruling Case Law, page 443.

So far as concerns the argument of the Commonwealth that recess appointments are to be made under article IV, section 8, of the Constitution, all that need be said is that the Benn Case disposes of this contention.

Appointments to the Public Service Commission are not made under the provisions of the Constitution but under the act.

We therefore conclude that the Governor could appoint only as provided by law, that his appointment of defendant was for the term ending July 1, 1931, that by its action the Senate joined in, ratified and approved the appointment for such term, and that defendant is therefore entitled to retain the office in controversy; accordingly, judgment of ouster must be refused.

The demurrer of defendant is sustained and the writ is dismissed.