## Sweeney, Appellant, *v.* King, Secretary of the Commonwealth.

*Constitutional Law—Amendment of Constitution—Actions of legislature—Special meeting of legislature—Call for special session.*

1. A resolution proposing a constitutional amendment may be presented and passed for the first time, at a special session of the legislature, though the subject-matter thereof is not referred to in the governor's proclamation calling such session.

2. A proposed constitutional amendment is not "legislation," and hence is not within the inhibition of article III, section 25, of the state Constitution.

3. Subject to constitutional limitations, if any, the legislature may transact any of its business at any of its sessions, general or special.

Argued January 3, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 14, May T., 1927, by plaintiff, from decree of C. P. Dauphin Co., No. 833, Equity Docket, dismissing bill in equity, in case of Edward A. Sweeney v. Clyde L. King, Secretary of the Commonwealth. Affirmed.

Bill for injunction to enjoin the Secretary of the Commonwealth from publishing joint resolutions of the legislature for constitutional amendment authorizing the legislature to enable Allegheny County to form a municipality embracing the county, and call it the City of Pittsburgh. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was decree, quoting it.

*Wm. H. Hall,* with him *Alexander Hunter,* for appellant, cited: Com. v. Benn, 284 Pa. 421; Com. v. Snyder, 279 Pa. 234.

*Wm. A. Schnader,* Special Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellee, cited: Com. v. Griest, 196 Pa. 396; Likins's Petition, 223 Pa. 456; Com. ex rel. v. Stewart, 286 Pa. 511.

OPINION BY MR. JUSTICE SIMPSON, March 21, 1927:

At its special session held in 1926, the legislature adopted a resolution proposing an amendment to article XV of the state Constitution, by adding a new section to it, though the subject-matter thereof was not referred to in the governor's proclamation calling the session. Defendant, as secretary of the Commonwealth, thereupon advertised its adoption, as required by article XVIII, section 1, of the Constitution. The taxpayer's bill in this case was then filed, praying that the resolution be decreed to be null and void, and that defendant be restrained from expending any public moneys in paying for the advertisements. Plaintiff's only contention is that a resolution for a proposed amendment to the Constitution cannot be adopted at a special session of the legislature, unless the subject-matter thereof is included in the governor's proclamation. The court below did not agree with this, and dismissed the bill. We are in accord with that conclusion.

The constitutional provision relied on by plaintiff is article III, section 25, which says, "When the General Assembly shall be convened in special session, there shall be no *legislation* upon subjects other than those designated in the proclamation of the Governor calling such session." We held in Com. v. Griest, 196 Pa. 396, that constitutional amendments are not "legislation."

As it thus appears that they are among the "matters left open by the written Constitution" (Likins's Petition No. 1, 223 Pa. 456, 460), the legislature may proceed in relation to them in special or in general sessions, at its discretion: Com. v. Stewart, 286 Pa. 511.

In People v. Curry, 130 Cal. 82, a different conclusion is reached, but Com. v. Griest, supra, which we believe to be right and adhere to, makes the former opinion of no importance here, especially as every other jurisdiction which has considered the matter agrees with our opinion: Johnson v. Craft, 205 Ala. 386; Mitchell v. Hopper, 153 Ark. 515; McCall v. Wilkins, 145 Georgia 342; In re Opinion of the Justices (Me.), 107 Atl. 673; Warfield v. Vandiver, 101 Md. 78; State v. Dahl, 6 North Dakota 81; State v. Marcus, 160 Wisc. 354.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.