## Elder et al., Commissioners, v. McCaslin, County Commissioner, et al.

*William McElwee, Jr.*, for plaintiffs.

*Orville Brown, Wylie McCaslin, John P. Lockhart,* and *Walter S. Reynolds,* for defendants.

CHAMBERS, J., July 13, 1935.—This case is before the court in banc on petition for a declaratory judgment. The case as originally started related to the Act of May 1, 1935 (no. 52), entitled "An Act authorizing the abatement of certain tax penalties and interest on county, city (except city of the first class), borough, town, township, school district (except school district of the first class), and poor district taxes." After hearing had, and argument thereon and before decision rendered, the Act of June 22, 1935 (no. 186), amending the said Act of May 1st, was passed, whereupon motion was made that the proceedings in this case be amended by substituting said Act of June 22d for said Act of May 1st, and that the judgment of the court be rendered in this case, as interpret-

ing said act as amended, without further hearing or argument. The amendment was allowed.

The proceedings in this case propound a number of questions upon which the decision of the court is desired.

1. Whether or not the act in question, as amended, repeals the Act of May 6, 1854, P. L. 600, under which act taxes are collected in Lawrence County and under which a penalty of 5 percent may be imposed by tax collectors or constables acting as such.

2. Whether or not the county commissioners can abate the penalty of 5 percent which may have been imposed by the tax collectors themselves.

3. Whether or not the county commissioners may abate the interest on all delinquent taxes for the year 1934 and the years prior thereto, and not take any action in regards to the abatement of the above mentioned penalty.

4. Whether or not said act is in violation of section 17 of article I of the Constitution of this commonwealth.

5. Whether or not said act is in violation of section 13 of article III of the Constitution of this commonwealth.

6. Whether or not the said act is in violation of section 1 of article IX of the Constitution of this commonwealth.

We will first discuss the last question raised.

Section 1 of article IX of the Constitution was amended on November 6, 1923, and now reads as follows:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity, and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines."

Our first impression of this matter inclined us toward the position that this act is unconstitutional in that it

is discriminatory. First, it places the delinquent taxpayer, who had been delinquent for years, on the same plane with the person who has paid promptly each year as the taxes became due. Second, it discriminates against the person who, up until the passage of this act, has been delinquent, but has made settlement of his back taxes and paid his penalty and interest. This is particularly true of those persons who have refinanced through the Home Owners' Loan Corporation. There have been a great number of such persons and it has been a requirement of the Home Owners' Loan Corporation that all back taxes be paid. This payment has included penalties and interest which have been borne by the class of our citizens for the most part least able to do so, mostly homeowners unable to pay their taxes and the interest on their mortgages. It seems very unjust that these persons should have been compelled to pay without abatement and that other delinquent taxpayers should now be rewarded. However, the mere fact that an act may work injustice and inequality will not make it unconstitutional: Weber v. Reinhard et al., 73 Pa. 370.

It has also been held that absolute equality is not attainable and that a substantial uniformity in application of tax laws is a compliance with the Constitution: Mineral Railroad & Mining Co. v. Northumberland County Commrs., 229 Pa. 436.

The question we have, therefore, is: Does this act, regardless of its apparent inequality, violate this provision of the Constitution? There is no question but that the legislature has the right, in the passage of tax laws, to impose penalties and allow rebates: Appeal of Fox and wife, 112 Pa. 337; Keator v. Lackawanna County et al., 292 Pa. 269. In the latter case it was said, on page 274 of the opinion:

"The act permitting the retention of five per cent by the taxpayer is for the welfare of the government. In conducting the affairs of a county when taxes are assessed, the county commissioners find its financial re-

sources at a low ebb, continuing to get lower as spring and summer months approach. It becomes necessary to secure money immediately to conduct the business of the county. . . . The legislature adopted an inducement for prompt payment in districts where ordinarily collections are not rapid and are difficult; it enables counties to replace the deficit at least partially."

Considering these general matters, we will look at this particular law in question. The act proposes to remit the penalty and interest of all taxes delinquent for the year 1934 and all previous years, provided such person shall pay 20 percent of such delinquent taxes on or about November 1, 1935, and a like 20 percent on or before the first day of each next succeeding November, including November, 1939, and provided further that the taxes for the current year and the succeeding current years be paid before becoming delinquent.

It must be conceded that the provisions of the act are uniform as to all persons now owing taxes. In order to hold it not to be uniform, it would be necessary to take into consideration persons not affected by it, to wit, those who had already paid their taxes; and, while we must concede that it is, in a measure, unfair to them, yet it does not necessarily follow that it is not a uniform law. Had none of these persons paid their taxes they would come within its provisions. Again we must concede that it will be for the welfare of the government. We know too well the situation through which we have been passing: That, by reason of the economic depression, people have been unable to pay their taxes, that thousands of dollars are delinquent in our own county, and that anything which will stimulate the payment of taxes will be for the welfare of the government.

Again, by the provisions of the act itself, only those persons who pay their current taxes before they become delinquent can avail themselves of the privileges of the act. This will also work for the welfare of the government in inducing possibly additional payment on current

taxes. Again we might say that these matters of penalty and interest are not, in themselves, taxes and that, being within the power of the legislature to impose, it is also within the power of the legislature to remit the same and that the imposition or remission thereof, would not come within the provisions of the constitutional provision in question. We feel, however, that the latter matter would be in violation of the spirit of the Constitution if not the letter thereof, and would have little bearing on the question before us. While we have some hesitation in the matter, we are constrained to hold that, since this act applies to all taxpayers now owing taxes for the year 1934 and previous years, it is not in violation of section 1 of article IX of the Constitution.

This brings us to the consideration of another question.

The Act of April 3, 1851, P. L. 317, which was an act to reduce the expenses of collecting State and county taxes in the County of Venango, was extended to Lawrence County by the Act of March 27, 1852, P. L. 197. A supplement was passed to this act on May 6, 1854, P. L. 600, which provides that the constable or collector of taxes have the right to add a penalty of 5 percent to all State and county taxes not paid for a period of 30 days from the first of August of each year. This act is still in force in Lawrence County and the 5 percent thus added for collection is the only compensation that the collector of taxes is entitled to receive: Lawrence County v. Horner, 281 Pa. 336. This is the act under which the collectors of delinquent taxes in Lawrence County have been operating and is the law still in force, unless repealed by implication by the act now before us. We are of opinion that there is no such repeal and that the Act of April 3, 1851, P. L. 317, as extended and supplemented, is still in force in this county, and, holding the act not to be in violation of section 1 of article IX of the Constitution, we still have the question as to whether or not it be

in violation of section 13 of article III of the Constitution, which is as follows:

"No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

As we said, the tax collectors of State and county taxes in the county of Lawrence are entitled to receive no other compensation than this 5 percent penalty which they themselves add to the taxes on the first of September of each year. This was explicitly ruled in the case of Lawrence County v. Horner, supra. The Act of May 6, 1854, P. L. 600, is not specifically repealed by the act in question and even were it so repealed, we feel it could not be effective as to penalties already imposed. To do this would be not only to diminish the salary and emoluments of the collectors, but it would entirely wipe them out and leave them without any salary or emoluments whatsoever. This, we feel, is in violation of section 13 of article III of the Constitution. We are of opinion, therefore, that this act, insofar as it undertakes to abate the 5 percent penalty imposed by tax collectors or constables acting as such in the County of Lawrence in the collection of State and county taxes, is in violation of section 13 of article III of the Constitution.

Our conclusions as to the constitutionality of the act, it seems to us, makes it unnecessary to pass upon the other matters submitted and we therefore render the following as our

### Declaratory judgment

Now, July 13, 1935, it is hereby ordered, adjudged and decreed that the Act of May 1, 1935 (no. 52), as amended by the Act of June 22, 1935, is not in violation of section 1 of article IX of the Constitution, but that said act, insofar as it undertakes to abate the penalties imposed by tax collectors and constables acting as such in the collection of State and county taxes in the County of Lawrence, is in violation of section 13 of article III of the

564

Constitution, and that the Commissioners of Lawrence County may not abate the penalty of 5 percent imposed by such collectors upon the taxables, but may abate the interest on all delinquent taxes for the year 1934 and years prior thereto, to such persons as may take advantage of the provisions of the Act of May 1, 1935, as amended by the Act of June 22, 1935.