## Licensing of Private Employment Agencies

Leon Ehrlich, Deputy Attorney General, and Thomas D. McBride, Attorney General, December 3, 1957.—We have your request for our opinion with respect to the scope of the licensing provisions of the Employment Agency Law of July 31, 1941, P. L. 616, 43 PS §§535 to 564, particularly with reference to section 15 thereof which provides for the licensing of "Representatives" of employment agencies.

You state that until the present time, it has been the practice of your department to require licensure of representatives of theatrical booking agencies only. This practice has been established and followed notwithstanding the fact that the said act refers not only to such agencies, but also to employment agencies generally. You inquire as to the propriety of such practice and whether the same should be continued.

The title of the Employment Agency Law gives notice of the legislature's specific intention to provide for the licensing of representatives, as defined therein, in the following language:

"Defining, regulating and providing for the licensing and registration of employment agents, and their representatives, . . ."

Section 15 of the act which prescribes the procedure for obtaining a license as an employment representative provides, inter alia, as follows:

"It shall be unlawful for any person to act or assume to act as the representative of any employment agency without first obtaining a license as such representative from the department. It shall be unlawful for any person to engage in, operate or carry on the business of an employment agency unless each representative of such agency is a licensed employment representative. . . .

"The department shall charge an annual *fee of* twenty-five dollars ($25.00) for issuing each such license, which fee shall be paid at the time application is made." (Italics supplied).

The following definition of employment representatives is found in section 2 (11) of the act:

" 'Representative' as used in this act means any employe who solicits business and arranges or becomes a party to contracts between employers and employe clients."

Such definition includes any employe of any employment agency who performs any activity having to do with the procurement of clients for the agency and their subsequent placement. The intention of the legislature to include agency representatives of all employment agencies within the licensing requirements of the act has been fully carried out in the enactment, and such employes must be licensed before they can perform any service whatsoever having to do with the solicitation of business and the arrangement of or becoming party to contracts between the clients and the employers.

The language of the act is so clear and specific that there is no basis for any statutory construction which would authorize any conclusion contrary to that herein

expressed. The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551, provides as follows:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Since the language of the Employment Agency Law is clear, specific and free from ambiguity, there is no basis for the interpretation heretofore adopted by your department. The clear intent of the act is to require licensing not only of all employment agencies, but also of all employes who solicit business and arrange or become parties to contracts between employers and employe clients.

The fact that your department has read a contrary intent into the act and has not applied and enforced it as to all representatives does not justify a continuation of this improper interpretation. This proposition was confirmed in the case of Federal Deposit Insurance Corporation v. Board of Finance & Revenue of Commonwealth, 368 Pa. 463 (1951), wherein the court stated at page 471:

". . . But it will be noted that the principle of giving weight to administrative interpretation and practice under a statute is applicable only where the act is ambiguous and calls for a choice of one out of two or more possible constructions; departmental interpretation is not persuasive, much less controlling, where the statute is clear and explicit in its language. *An administrative body cannot, by mere usage, invest itself with authority or powers not fairly or properly within the legislative grant; it is the law which is to*

*govern rather than departmental opinions in regard
to it:* 25 R. C. L. 1046, §274; 42 Am. Jur. 400, 401, 403,
405, §§80, 81, 82; Lawrence County v. Horner, Treasurer, 281 Pa. 336, 343, 126 A. 783, 786; Commonwealth
v. Stewart, 286 Pa. 511, 519, 134 A. 392, 394; Commonwealth v. Quaker City Cab Co., 287 Pa. 161, 168, 134 A.
404, 407; Grime v. Department of Public Instruction,
324 Pa. 371, 376, 188 A. 337, 339. . . ." (Italics supplied.)

It is, therefore, our opinion, and you are accordingly
advised, that under the Employment Agency Law, all
employment agencies and their representatives as
defined by the act are required to be licensed.